**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-7623**

WALTER DELANEY BOOKER, JR.,

Plaintiff - Appellant,

v.

HAROLD W. CLARKE, Director; A. DAVID ROBINSON, Chief of Operation;
GREGORY HALLOWAY, Eastern Regional Administrator; ANTHONY WHITE,
Assistant Warden; CAROLYN PARTER, Assistant Warden; K. COSBY; R.
WOODSON; K. DUNSTON, Institutional Ombudsman; K. THOMAS, Postal
Assistant; R. RIDDICK, Postal Assistant; CHARLES TUNER, Sergeant;
Institutional Investigator; JPAY, INC.,

Defendants - Appellees.

Appeal from the United States District Court for the Eastern District of Virginia, at
Alexandria. Anthony John Trenga, Senior District Judge. (1:19-cv-00688-AJT-MSN)

Submitted: September 30, 2021                                    Decided: October 20, 2021

Before WILKINSON and RICHARDSON, Circuit Judges, and TRAXLER, Senior Circuit
Judge.

Remanded by unpublished per curiam opinion.

Walter Delaney Booker, Jr., Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Walter Delaney Booker, Jr., seeks to appeal the district court's order denying his motion to reopen the appeal period under Fed. R. App. P. 4(a)(6) or for relief from the district court's earlier dismissal order under Fed. R. Civ. P. 60(b). Parties are accorded 30 days after the entry of the district court's final judgment to note an appeal, Fed. R. App. P. 4(a)(1)(A), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5), or reopens the appeal period under Rule 4(a)(6). "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." *Bowles v. Russell*, 551 U.S. 205, 214 (2007).

The district court's dismissal order was entered on the docket on January 2, 2020. On May 12, 2020, Booker sent a letter to the district court inquiring as to the status of his case.[*] The district court's docket reflects that the court did not reply to this letter. On September 8, 2020, Booker sent a second letter, again inquiring as to the status of his case. In response to the second letter, the district court sent Booker a copy of the district court's order, which Booker alleges was the first he learned that his action had been dismissed. On September 22, 2020, Booker filed a motion to reopen the appeal period, or alternatively, for relief pursuant to Rule 60(b). The district court denied the motion as untimely under Rule 4(a)(6) because it was not filed within 180 days of the court's judgment and determined that relief under Rule 60(b) was inappropriate.

---

[*] For the purpose of this appeal, we assume that the date appearing on Booker's letter is the earliest date it could have been properly delivered to prison officials for mailing to the court. Fed. R. App. P. 4(c); *Houston v. Lack*, 487 U.S. 266, 276 (1988).

Booker's notice of appeal was not filed within 30 days after the district court's entry of judgment, and the district court correctly noted that his motion to reopen the appeal period was not filed within 180 days thereof. However, we construe Booker's May 12, 2020, letter, inquiring as to the status of his case, as a motion to reopen the appeal period. Accordingly, we remand the case for the limited purpose of allowing the district court to determine whether to reopen the appeal period pursuant to Rule 4(a)(6). The record, as supplemented, will then be returned to this court for further consideration.

*REMANDED*